**518**

Sherrie Ellen **BARNETT**, next friend of Douglas Dustin Demerritt, Tyler Dale DeMerritt, and Miriah Dawn DeMerritt, and as assignee of Eddie Gravette, d/b/a Southwest Sanitation, Appellants,

v.

**UNITED FIRE & CASUALTY COMPANY and Joyce Gravette, Respondents.**

No. SC 81620.

Supreme Court of Missouri, En Banc.

Jan. 25, 2000.

Rehearing Denied Feb. 22, 2000.

Thomas W. Millington, Springfield, for appellants.

Warren S. Stafford, Springfield, Peter B. Sloan, Kansas City, for respondents.

STEPHEN N. LIMBAUGH, Jr., Judge.

Sherrie Ellen Barnett, as next friend of the minor children of Douglas DeMerritt ("plaintiffs"), filed suit against United Fire and Casualty Company and Joyce Gravette to collect a judgment rendered in an earlier case in which plaintiffs sued Eddie Gravette and Joyce Gravette, who is Eddie's mother, for the wrongful death of Douglas DeMerritt. In this case, the trial court overruled plaintiffs' motion for summary judgment against Joyce, and sustained Joyce's motion to dismiss plaintiffs' claim against her. The Court of Appeals, Southern District, affirmed in a *per curiam* order, without opinion, pursuant to Rule 84.16(b)(1) and (5). Thereafter, this Court granted transfer, Mo. Const. art. V, sec. 10, to address claims that the trial court erred by holding 1) that Joyce was not collaterally estopped from contesting the claim against her by virtue of a judgment from an arbitration proceeding against Eddie, and 2) that plaintiffs otherwise failed to state a cause of action against Joyce. The judgment of the circuit court is affirmed.

Douglas DeMerritt was killed on June 5, 1995, when he was hit by a trash truck while working as an employee for Southwest Sanitation, a trash hauling company. At the time of the accident, Eddie was driving the truck, which was allegedly being used to pick up trash from Southwest Sanitation customers. The truck was owned by Joyce and was covered under a commercial auto insurance policy issued by United Fire and Casualty Co. ("United"), which identified the named insured as

"Southwest Sanitation Gravette Eddie & Joyce DBA [sic]."

Plaintiffs' wrongful death suit alleged that Eddie and Joyce were partners doing business as Southwest Sanitation when the accident occurred. United apparently undertook Joyce's defense in the wrongful death suit but refused to defend Eddie without a reservation of rights. Thereafter, plaintiffs dismissed Joyce from the suit without prejudice, but entered into an agreement with Eddie to arbitrate the claims against him, including the contention that he and Joyce were operating Southwest Sanitation as partners or joint venturers. Although Joyce was advised of the arbitration proceedings, she chose not to participate.

The arbitration hearing between Eddie and plaintiffs was conducted on September 16, 1997, and resulted in an assessment of damages against Eddie in the amount of $631,881.45 and a finding that "[Joyce] is . . . an owner, partner, and/or joint venturer with [Eddie] in the operation of Southwest Sanitation." The circuit court confirmed the award by entering judgment that the "award of the arbitrator is in proper form and will therefore be confirmed as is required by law," and awarded plaintiffs $631,881.45 against "[Eddie] d/b/a Southwest Sanitation."

After entry of the arbitrator's award and judgment, Eddie assigned to plaintiffs any claims he might have against United "arising out of and relating to the failure and refusal of [United] to defend and/or settle [the wrongful death suit]." Plaintiffs then filed this suit against United and Joyce.

Plaintiffs' only claim against Joyce was set out in Count VI, in which they sought a declaratory judgment that Joyce was jointly and severally liable with Eddie for the judgment entered against him. Plaintiffs allege that Joyce was aware of the issues involved in the arbitration and chose not to participate; that the circuit court's judgment affirming the arbitration award amounted to a judicial determination that she was an owner, partner, or joint venturer with Eddie in the operation of Southwest Sanitation; and therefore, that Joyce was collaterally estopped to contest the existence of the joint venture or partnership.

Joyce filed a motion to dismiss Count VI of the petition, and plaintiffs responded with a motion for summary judgment. As noted, the trial court sustained Joyce's motion to dismiss and denied plaintiffs' motion for summary judgment. Because Count VI was the only count filed against Joyce, the trial court, citing Rule 74.01(b), determined that there was no just reason to delay the appeal, even though the other claims against United had not yet been addressed.

Plaintiffs' first argument, which is also the primary basis for their cause of action in Count VI, is that collateral estoppel precludes Joyce from relitigating the issue of the existence and liability of the partnership, and that those issues were finally determined as part of the circuit court's judgment confirming the arbitration award. Under plaintiffs' theory, "[a] judgment rendered on issues submitted to arbitration should be no less compelling as a matter of law, than any other judgment." This theory, however, conflicts with section 358.090.3, RSMo 1994, which limits the authority of one partner, acting alone, to commit the partnership to arbitration. In pertinent part, section 358.090.3(5) states:

> Unless authorized by the other partners or unless they have abandoned the business, one or more but less than all the partners have no authority to . . .
>
> (5) Submit a partnership claim or liability to arbitration or reference.

Under this statute, Eddie, acting alone, had no authority to submit the issue of the potential liability of the partnership to arbitration. Therefore, neither the arbitrator's award of damages nor the arbitrator's findings regarding the partnership are binding on Joyce.

According to plaintiffs, however, the statute does not apply because Joyce "abandoned the business" by denying the existence of the partnership, and having "abandoned the business," she cannot now maintain that Eddie had no authority to submit the partnership claim to arbitration. Plaintiffs' reliance on Joyce's denial that the partnership existed is, of course, inconsistent with their allegations that a partnership did, in fact, exist, which are the allegations on which their collateral estoppel claim is based. More importantly, plaintiffs' argument incorrectly assumes that a denial of the existence of the partnership constitutes an abandonment of the partnership business. There cannot be an abandonment of the partnership if, as Joyce claims, the partnership never existed. Conversely, an abandonment can occur only if it is first established that a partnership did exist. Indeed, Joyce's contention that there was no partnership business in the first place actually precludes consideration that she abandoned the partnership.

Alternatively, plaintiffs contend that the statute does not apply because it is triggered only when a partner submits a *partnership* claim or liability to arbitration and that the only claim Eddie submitted to arbitration was the claim against him, personally. Again, plaintiffs' argument is internally inconsistent. On one hand, they seek to establish Joyce's liability on the basis that she was a partner with Eddie and is bound by the arbitration to which Eddie agreed; and on the other hand, in order to avoid the consequences of the statute, they contend that Eddie did not submit a partnership claim to arbitration. In any event, the statute applies whenever any person or entity seeks to bind a partnership to an arbitration proceeding to which one partner agreed but to which the other partners did not agree. Therefore, application of the statute does not depend on Eddie's characterization of the claim or liability that he agreed to submit to arbitration.

Plaintiffs' second point relied on challenges the dismissal of Count VI pursuant to Joyce's motion to dismiss. Their contention is that even if Joyce is not bound by the judgment confirming the arbitrator's award, the facts alleged in the petition, "when broadly construed, treated as true and afforded the most liberal intendment" clearly indicate that Joyce was "a joint venturer or partner with Eddie and therefore jointly and severally liable with him for the death of Douglas DeMerritt." These allegations, plaintiffs maintain, constitute an independent cause of action.

Section 358.090.3 controls this issue, as well. Although plaintiffs are correct that the partnership is liable for "any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership," sec. 358.130, RSMo 1994, and that "[a]ll partners are liable jointly and severally for everything chargeable to the partnership," sec. 358.150, RSMo 1994, they are essentially seeking to bind Joyce to a judgment that was the product of an arbitration proceeding that Joyce did not authorize and in which she did not participate. Under section 358.090.3, neither the partnership nor the other partners may be bound by such a judgment. In effect, section 358.090.3 protects Joyce from liability not only under the collateral estoppel theory, but also under the joint and several liability theory.

The judgment of the trial court is affirmed.

PRICE, C.J., COVINGTON, WHITE, WOLFF and BENTON, JJ., and SULLIVAN, Special Judge., concur.

HOLSTEIN, J., not participating.